(135 P.3d 157)
No. 94,207

NATHANIEL L. SWENSON, *Appellant,* v. STATE OF KANSAS, *Appellee.*

710

Opinion filed May 19, 2006.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Kristi L. Barton*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., GREEN and BUSER, JJ.

GREEN, J.: Nathaniel Swenson appeals from the trial court's denial of his K.S.A. 60-1507 motion. First, Swenson argues that the trial court in his underlying criminal case should not have allowed the State to amend the complaint. We determine that the State's amendment of the complaint before trial to charge attempted first-degree murder was proper as there was no indication from the record that Swenson's substantial rights were prejudiced. Moreover, Swenson's argument relating to the State's amendment of the complaint during trial to alternatively charge aggravated battery is moot because Swenson was never convicted of this offense.

Next, Swenson contends that the trial court failed to make adequate findings of fact and conclusions of law on all the issues presented in his 60-1507 motion. With the exception of one ineffective assistance of counsel issue, we determine that the trial court's factual findings and legal conclusions adequately addressed the issues in this case. Next, Swenson asserts that his trial attorney was ineffective for failing to investigate exculpatory witnesses; for failing to move for arrest of judgment; and for failing to provide a defense to the element of premeditation. We determine that an evidentiary hearing is necessary to address the issue of whether defense counsel was ineffective for failing to investigate a witness who had information that possibly could show Swenson's innocence. As to all other ineffective assistance of counsel issues raised by Swenson, we determine that his arguments lack merit.

Finally, Swenson maintains that his appellate attorney was ineffective for failing to timely petition our Supreme Court for review

of his case. Because Swenson has failed to establish that he was prejudiced by the action of his appellate attorney, his claim of ineffective assistance of counsel fails. Accordingly, we affirm in part, reverse in part, and remand for an evidentiary hearing.

In his underlying criminal case, Swenson was charged with aggravated battery in November 1999. Swenson waived preliminary hearing. In February 2000, the State filed an amended complaint and information charging Swenson with attempted first-degree murder. An aggravated battery charge was not included in the amended complaint and information. A preliminary hearing was conducted, and Swenson was bound over and arraigned on the attempted first-degree murder charge. At the preliminary hearing, the victim in this case, Freddie Hooks, Jr., indicated that he had been shot multiple times during an incident occurring in September 1999 and had sustained life-threatening injuries. Hooks identified Swenson as the individual who had shot him.

In June 2000, the case against Swenson proceeded to a jury trial. After opening statements but before the presentation of evidence, the prosecutor stated that he would be filing an amended information to include an aggravated battery charge. Indicating that the amended complaint and information was in response to Swenson wanting a jury instruction on aggravated battery and that there was no objection by Swenson to filing an amended information, the prosecutor stated:

"[Prosecutor:] I think we needed to make a record. We discussed it a little bit about proceeding on this Amended Information and no objection to going right into the jury trial on this Amended Information, which I don't believe—I believe I'm entitled to do it, but it's my understanding, too, that the defense wanted an instruction on an agg. battery. I decided that the safest way to do it is to do it through an alternative count.

"I just want it clear that there is no objection to the Amended Information and then proceeding right into the jury trial on this Amended Information.

"The Court: [Defense counsel?]

"[Defense counsel:] No objection, Your Honor.

"The Court: All right. That's the way we'll proceed."

During the jury trial, Hooks again testified about the severity of his injuries resulting from the shooting and identified Swenson as the person who shot him. Swenson did not testify at trial. The jury

was instructed on the crimes of aggravated battery, attempted first-degree murder, and attempted second-degree murder. The jury found Swenson guilty of attempted first-degree murder. Swenson was sentenced to 203 months in prison. One day after the jury verdict, the State filed a written amended information charging Swenson with attempted first-degree murder or alternatively aggravated battery.

Swenson appealed his conviction to this court, arguing that the trial court should have instructed the jury that Hooks' credibility had been impeached by his prior convictions and that the trial court erroneously allowed an officer to compare Swenson's appearance in court to his appearance in a mug shot. This court affirmed Swenson's conviction. Swenson's counsel failed to timely file a petition for review with our Supreme Court. Although Swenson's counsel moved to file the petition for review out of time, his request was denied.

In March 2003, Swenson moved for relief under K.S.A. 60-1507 as a pro se litigant. In his 60-1507 motion, Swenson alleged that the amended complaint and information was fatally defective due to the element of premeditation being omitted from his attempted first-degree murder charge; that his attorney was ineffective by not filing a motion for arrest of judgment and by not presenting a defense against premeditation; that the trial court abused its discretion by failing to take notice that the element of premeditation was omitted from the amended complaint and information; that the trial court abused its discretion by allowing the State to amend the complaint to charge a different crime; that his trial counsel was ineffective by not calling witnesses who could provide exculpatory testimony and could discredit Hooks' testimony; and that his appellate counsel was ineffective by failing to timely file a petition for review.

The trial court conducted a nonevidentiary hearing at which it heard arguments from Swenson's counsel and from the State. At the conclusion of the hearing, the trial court found that Swenson's presence was not necessary and that the files and records conclusively established that Swenson was not entitled to relief.

## I. Standard of Review

There are three avenues of approach for the trial court faced with a K.S.A. 60-1507 motion. First, the court may determine that the motion, files, and records of the case conclusively show that the movant is entitled to no relief and summarily deny the movant's motion. Second, the court may determine from the motion, files, and record that a substantial issue or issues are presented, requiring a full evidentiary hearing with the presence of the movant. Finally, the court may determine that a potentially substantial issue or issues of fact are raised in the motion, supported by the files and record, and hold a preliminary hearing after appointment of counsel to determine whether in fact the issues in the motion are substantial. In the event the court determines that the issue or issues are not substantial, the court may move to a final decision without the presence of the movant. If the issue or issues are substantial, involving events in which the movant participated, the court must proceed with a hearing involving the presence of the movant. *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000).

Here, the trial court followed the third avenue of approach by appointing counsel and conducting a preliminary hearing. After the preliminary hearing, the trial court concluded that no substantial question of law or triable issues of fact had been raised and denied Swenson relief on his 60-1507 motion. The trial court has discretion to ascertain whether the claim is substantial before granting an evidentiary hearing and ordering the prisoner's presence at the hearing. *Gaudina v. State*, 278 Kan. 103, 107-08, 92 P.3d 574 (2004); Supreme Court Rule 183(h) (2005 Kan. Ct. R. Annot. 228). Judicial discretion is abused when no reasonable person would take the view of the trial court. *Woodberry v. State*, 33 Kan. App. 2d 171, 173, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

## II. Jurisdiction

First, Swenson contends that the trial court never obtained jurisdiction in his underlying criminal case on either the attempted murder or aggravated battery charge. Relying on K.S.A. 2005 Supp. 22-3201(e), Swenson maintains that there was no jurisdictional authority for the State to amend the complaint to charge a new crime.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. *State v. Hodgden,* 29 Kan. App. 2d 36, 38, 25 P.3d 138, *rev. denied* 271 Kan. 1040 (2001).

The State alleges that Swenson failed to raise this issue in his 60-1507 motion and thus it is not properly before this court. Generally, issues not raised before the trial court cannot be raised on appeal. *State v. Williams,* 275 Kan. 284, 288, 64 P.3d 353 (2003). Nevertheless, it appears that Swenson sufficiently raised this issue in his pro se 60-1507 motion when he argued that the trial court erred in allowing the State to amend the complaint to charge a different crime from that contained in the original complaint. See *Bruner v. State,* 277 Kan. 603, 605, 88 P.3d 214 (2004) (Pro se pleadings are to be given a liberal construction.). In liberally construing Swenson's pro se 60-1507 motion, we determine that he sufficiently raised his present argument at the trial court level.

Moreover, Swenson's argument is essentially that the trial court lacked subject matter jurisdiction over his charged offenses of attempted first-degree murder and aggravated battery. An objection that is based on lack of subject matter jurisdiction may be raised at any time, whether it is raised for the first time on appeal or upon the appellate court's own motion. *Rivera v. Cimarron Dairy,* 267 Kan. 865, 868, 988 P.2d 235 (1999).

### A. First Amended Complaint

Swenson maintains that K.S.A. 2005 Supp. 22-3201(e) prohibits the State's action of amending the complaint and information to charge attempted first-degree murder, a crime that was different from the original aggravated battery charge.

The original complaint and information in this case charged Swenson with aggravated battery. Before trial, the State filed an amended complaint and information charging Swenson with attempted first-degree murder. No aggravated battery charge was included in this amended complaint and information.

K.S.A. 2005 Supp. 22-3201(e) states: "The court may permit a complaint or information to be amended at any time before verdict or finding *if no additional or different crime is charged and if sub-*

*stantial rights of the defendant are not prejudiced."* (Emphasis added.) Our Supreme Court in *State v. Woods*, 250 Kan. 109, Syl. ¶ 2, 825 P.2d 514, *cert. denied* 506 U.S. 850 (1992), stated that K.S.A. 22-3201(4) (the current version of which is K.S.A. 2005 Supp. 22-3201[e]) does not forbid differentiation between allowing the State to amend a complaint before trial and during trial. Our Supreme Court held that "[p]rior to trial, the trial court has discretion to allow an amendment to a complaint, including the charging of a different crime, provided the substantial rights of the defendant are not prejudiced." 250 Kan. 109, Syl. ¶ 1.

Swenson fails to set forth any argument as to how his substantial rights were prejudiced when the State amended the complaint before trial to charge attempted first-degree murder. The State amended the complaint nearly 4 months before trial. The trial court conducted a preliminary hearing and bound over Swenson on the attempted first-degree murder charge. The victim testified at the preliminary hearing about the severity of his injuries and identified Swenson as the individual who had caused these injuries. Thus, Swenson was well aware of the allegations against him several months before trial. We are unable to determine that Swenson's substantial rights were prejudiced by the amendment of the complaint.

### B. Second Amended Complaint

Swenson also argues that the second amended information in which the State added an alternative count of aggravated battery was jurisdictionally defective because a new charge was added and he was never given a preliminary hearing nor was he arraigned on the charge. We point out that Swenson was originally charged with aggravated battery and chose to waive preliminary hearing on this charge. Nevertheless, because Swenson was not convicted of aggravated battery, it is unnecessary to address his argument that the trial court lacked jurisdiction to try him on this offense.

### III. Findings of Fact and Conclusions of Law

Next, Swenson argues that the trial court failed to make findings of fact and conclusions of law on all of the issues raised in his K.S.A.

60-1507 motion. Kansas Supreme Court Rule 183(j) (2005 Kan. Ct. R. Annot. 228) requires the trial court to making findings of fact and conclusions of law on all issues presented in a K.S.A. 60-1507 motion. See *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2005) (determining that trial court failed to make findings of fact and conclusions of law on all of movant's arguments and remanding case for compliance with Rule 183[j]).

Case law interpreting Rule 183(j) indicates that a trial court must issue findings of fact and conclusions of law so that there can be meaningful appellate review. Therefore, this court looks not only to the journal entry but also to the trial court's oral comments at the time of the hearing. If the record contains a transcript of the trial judge's oral findings and conclusions and they met Rule 183(j)'s requirements, then remand is not required. *Harris v. State*, 31 Kan. App. 2d 237, 239, 62 P.3d 672 (2003).

Swenson maintains that the trial court failed to adequately address the following two arguments raised in his 60-1507 motion: (1) that his trial counsel was ineffective by failing to contact and investigate witnesses; and (2) that his trial counsel was ineffective by failing to present any defense to the element of premeditation. We will discuss the trial court's findings and conclusions more thoroughly in the issues to follow. As an appellate court, our function is to determine whether the trial court's factual findings are supported by substantial competent evidence and whether those findings are sufficient to support the trial court's conclusions of law. *Graham v. State*, 263 Kan. 742, 753, 952 P.2d 1266 (1998).

## IV. Ineffective Assistance of Counsel

Next, Swenson maintains that he was denied effective assistance of counsel when his trial counsel failed to contact exculpatory witnesses, failed to move for arrest of judgment based upon a defective complaint, and failed to defend against the element of premeditation.

A claim alleging ineffective assistance of counsel presents mixed questions of fact and law. Our review is to determine whether the trial court's findings of fact have substantial support in the evidence and whether the trial court's conclusions of law follow as a matter

of law from those facts. *State v. Davis*, 277 Kan. 309, 315, 85 P.3d 1164 (2004).

The test used in determining whether trial counsel's assistance was so defective as to require reversal of Swenson's convictions is two-fold. First, the defendant must establish that counsel's performance was deficient, meaning counsel made errors so serious that his or her performance was less than that guaranteed by the Sixth Amendment to the United States Constitution. Second, the defendant must establish that counsel's deficient performance prejudiced the defense, which requires a showing that counsel's errors deprived the defendant of a fair trial. *State v. Davis*, 277 Kan. at 314.

"There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. [Citation omitted.] To show prejudice, the defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Betts*, 272 Kan. 369, 387-88, 33 P.3d 575 (2001). Moreover, "a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985).

### A. *Failure to Investigate Witnesses*

Swenson argues that his trial attorney failed to contact or interview exculpatory witnesses who could have assisted in his defense. Swenson maintains that his trial attorney had a letter from Robert Turner stating that Hooks had told Turner that Swenson had not shot Hooks.

Swenson attached the letter from Turner to his 60-1507 motion. In his letter, Turner indicated that he had spoken with Hooks while they were at Ellsworth Correctional Facility in September 1999. According to Turner, Hooks was a "crips" gang member and had told him that Hooks had been "shot up by some big black dud[e] who was a blood [gang member]." Turner indicated that he was telling the truth because he was "a changed man in Christ Jesus"

and wanted to help Swenson. Turner further indicated that his statements could place him in danger but that he was willing to testify at Swenson's trial.

In a letter written shortly after Swenson's sentencing, Swenson's trial attorney stated that Turner was not called as a witness because of trial strategy. Swenson's trial attorney further stated, "His criminal record makes Hooks look like an angel. This testimony would have been unbelievable to the jury and would have hurt our case more than help."

At the 60-1507 hearing, the trial court determined that defense counsel's actions were a matter of trial strategy, stating:

"Mr. Swenson next argues that trial counsel was ineffective for failing to call witnesses on his behalf. This allegation does not establish ineffective counsel. This was trial strategy on the part of defense counsel. This is clearly evident from the letter dated July 27th, 2000, to Mr. Swenson from trial counsel, which is marked Exhibit B and is attached to Mr. Swenson's habeas corpus petition. It clearly appears to the Court that trial counsel's action was very reasonable, and it was made with his client's best interest in mind."

The decision of whether to call a particular witness is a matter of trial strategy. See *Winter v. State,* 210 Kan. 597, Syl. ¶ 2, 502 P.2d 733 (1972). "On the other hand, defense counsel cannot make a strategic decision against pursuing a line of investigation when he or she has not yet obtained facts upon which that decision could be made. [Citation omitted.]" *Mullins v. State,* 30 Kan. App. 2d 711, 716, 46 P.3d 1222, *rev. denied* 274 Kan. 1113 (2002). When counsel does not have the information to make an informed decision due to an inadequate investigation, any argument of "trial strategy" is improper. 30 Kan. App. 2d at 716-17.

It is important for defense counsel to find out the names of all individuals who would be able to establish the defendant's innocence. Defense counsel should interview all witnesses at the earliest possible date and should take recorded statements. 1 Goldstein Trial Technique, The Criminal Case § 4:8 (3d ed. 2005). Here, defense counsel had information that possibly could establish Swenson's innocence in the shooting. Nevertheless, there is no indication in the record that defense counsel made any attempt to interview Turner about the contents of his letter.

Attached to Swenson's 60-1507 motion is a March 2005 affidavit from Turner in which he stated that he and Hooks had been members of the "insane crips" gang. Turner stated that during their September 1999 conversation at Ellsworth Correctional Facility, Hooks had told him that he had been shot by a blood gang member named Rodney over a dispute concerning Rodney's girlfriend. Hooks told Turner that Swenson was not the shooter. Turner further stated in his affidavit that due to his long relationship with Hooks, Turner believed that Hooks was telling the truth about Swenson not being the shooter.

Based on his March 2005 affidavit, Turner had information indicating that Swenson was not the proper individual to be charged in this case. The person whom Hooks had implicated in his conversation with Turner was Rodney, the individual who was with Swenson when the shooting occurred. At trial, Hooks had testified that a black man named Rodney was with Swenson at the time of the shooting. Hooks further testified that he had consumed alcohol and smoked marijuana laced with cocaine before he was shot. Although Hooks indicated that he was not so "messed up" that he failed to recognize people, the jury could have found that Hooks was impaired by the combination of drugs and alcohol. If Turner would have testified at trial about the information revealed in his letter and affidavit, this testimony might have been enough to convince the jury that Swenson did not shoot Hooks as the State alleged.

Clearly, defense counsel would want to interview or attempt to interview all key witnesses before trial. Swenson's trial attorney had received potentially exculpatory information, and there is no indication from the record whether he made any effort to investigate this information. As pointed out in 1 Goldstein Trial Technique, The Facts §1:1, p. 1-4, "[w]itnesses in the client's cause of action should be thoroughly examined and investigated. The attorney or the investigator must interview each person who has knowledge of the occurrence or incident."

In his letter to Swenson, defense counsel indicated that his decision not to call Turner as a witness was based on Turner's criminal history. Defense counsel suggested that the jury would not have

found Turner credible due to his criminal history. Nevertheless, defense counsel had no other witnesses who could establish Swenson's innocence. In fact, defense counsel did not present any witnesses at trial. Even if Turner had a significant criminal history, he was a witness who could possibly show that Swenson did not shoot Hooks. Moreover, Hooks also had a significant criminal history that included convictions for attempted robbery and theft. It would be for the jury to determine who was more credible in this case.

In denying Swenson's ineffective assistance of counsel claim on this issue, the trial court focused on trial strategy which related to the performance prong of the test for ineffective assistance of counsel. Nevertheless, we have determined that defense counsel's conduct was not properly attributable to trial strategy and that defense counsel had a duty to investigate the contents of Turner's letter. The record in this case, however, fails to establish whether defense counsel followed up on Turner's letter by interviewing or attempting to interview Turner. As a result, we remand for an evidentiary hearing on the issue of whether defense counsel was ineffective by failing to investigate Turner as a witness in Swenson's criminal case.

Swenson further argues that his trial attorney failed to utilize evidence from his family regarding untrue statements made by Hooks to law enforcement. At trial, deputy Ann Marie Wenzel testified that Hooks had shown her an affidavit given to him that he was supposed to sign and have notarized. According to Wenzel, Hooks was supposed to say in the affidavit that he was not the suspect in the case. Hooks was supposed to send the affidavit to Lily Jackson at 2255 North Roosevelt in Wichita. Hooks told Wenzel that Jackson was Swenson's grandmother.

In his 60-1507 motion, Swenson asserted that his mother would have testified that he does not have a grandmother named Lily Jackson nor does his grandmother live in Wichita. Nevertheless, Swenson fails to provide any supporting affidavit from his mother showing that this would have been her testimony. Swenson had the burden to prove his 60-1507 motion warranted an evidentiary hearing by including facts and evidence to support his motion. Without

such evidence, Swenson has failed to establish that his counsel was ineffective in this regard.

### B. Failure to Move for Arrest of Judgment

Next, Swenson asserts that the amended complaint charging first-degree murder was jurisdictionally defective because it failed to include the element of premeditation. Swenson maintains that his trial counsel was ineffective for failing to object and move for arrest of judgment based on the defective complaint.

If the defendant seeks to challenge a complaint as defective, the proper procedure is to file a motion for arrest of judgment under K.S.A. 22-3502 with the trial court. *State v. Shirley*, 277 Kan. 659, 661-62, 89 P.3d 649 (2004). Where a motion filed under K.S.A. 60-1507 claims trial counsel was ineffective because counsel did not file a motion to dismiss or to vacate the judgment that alleged a defective information or complaint, the common-sense rule announced in *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), will be used to analyze the prejudicial prong in the test for ineffective assistance of trial counsel. *Ferguson v. State*, 276 Kan. 428, 444-45, 78 P.3d 40 (2003).

Under the common-sense rule announced in *Hall*, the complaint or information is construed liberally in favor of validity and the record is reviewed as a whole. The sufficiency of the charging document will be determined on practical considerations. *State v. Waterberry*, 248 Kan. 169, 170-71, 804 P.2d 1000 (1991). To succeed, the defendant must show that the alleged defect either: (1) prejudiced the defendant's preparation of a defense; (2) impaired the defendant's ability to plead the conviction in any subsequent prosecution; or (3) limited the defendant's substantial rights to a fair trial. 248 Kan. at 171.

Here, the amended complaint charged Swenson with attempted first-degree murder as follows:

"On or about the 3rd day of September, 1999, A.D., one NATHANIEL L. SWENSON did then and there unlawfully, intentionally, towards the perpetration of the crime of First Degree Murder, as defined by K.S.A. 21-3401, commit the following overt act, to-wit: shoot with a firearm, to-wit: Freddie L. Hooks, Jr., with the intention to commit said crime, and the said NATHANIEL L. SWENSON failed in the perpetration thereof."

As Swenson maintains, the element of premeditation is missing from the express language of the complaint.

Swenson contends that he was prejudiced by the complaint's omission of the premeditation element because he was unable to fully and appropriately present a defense. Nevertheless, the trial court found that the amended complaint properly advised Swenson of the attempted first-degree murder charge, stating: "As evidence of this, the court would cite defense counsel's Closing Argument, wherein he argued the evidence did not prove premeditation." We agree with the trial court. In closing argument, defense counsel argued in part: "You can't assume that the intent was there, and you can't assume that premeditation was there." This shows that defense counsel was well aware of the premeditation element and attempted to present a defense to it. There is no indication in the record that the defense was prejudiced by the omission of the premeditation element in the complaint.

### C. Failure to Provide a Defense to the Element of Premeditation

Swenson further contends that his trial attorney was ineffective for taking no action to defend against premeditation. As pointed out above, the trial court stated that defense counsel had argued to the jury that the evidence failed to prove premeditation. Swenson fails to show what other action defense counsel should have taken in defending against premeditation. We determine that Swenson's argument lacks merit.

### D. Failure to Call Swenson as a Witness

In his 60-1507 motion, Swenson also alleged that his trial attorney was ineffective for failing to call him as a witness at trial. Nevertheless, Swenson has failed to raise this issue in his brief. An issue not briefed by the appellant is deemed waived or abandoned. *Roy v. Young*, 278 Kan. 244, 248, 93 P.3d 712 (2004). Moreover, even assuming *arguendo* that Swenson had adequately briefed this issue, there is substantial competent evidence to support the trial court's finding that Swenson voluntarily chose not to testify. The record establishes that the trial court explained to Swenson that he had a right to testify but that he also had a right against self-in-

crimination and could choose not to testify. Swenson indicated that he understood his rights and chose not to testify. Therefore, Swenson's argument fails.

## V. *Failure to Timely File Petition for Review*

Finally, Swenson argues that his appellate counsel was ineffective by failing to timely petition our Supreme Court for review of this court's decision on his direct appeal. To establish denial of effective assistance of counsel on appeal, the defendant must show (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the appellant was prejudiced to the extent a reasonable probability exists that, but for counsel's deficient performance, the appeal would have been successful. *State v. Smith*, 278 Kan. 45, 51-52, 92 P.3d 1096 (2004).

Here, Swenson's appellate counsel failed to timely petition for review with our Supreme Court. In a letter written to Swenson, Swenson's appellate counsel stated that although he had mailed the petition for review within the 30-day filing period, it was not received 1 day after the filing period had expired. Swenson's counsel moved to file the petition for review out of time, but such request was denied.

In rejecting Swenson's argument that his counsel was ineffective for failing to timely petition our Supreme Court for review, the trial court relied on *Foy v. State*, 17 Kan. App. 2d 775, 844 P.2d 744, *rev. denied* 252 Kan. 1091 (1993). In *Foy*, the appellant alleged that his counsel was ineffective for failing to inform him that he could petition for review to our Supreme Court. Review by our Supreme Court of this court's decision to affirm the defendant's sentence was discretionary. See K.S.A. 20-3018(b). In denying the appellant's claim, this court noted that the appellant did not have a constitutional right to counsel to pursue a discretionary appeal to our Supreme Court. As a result, this court concluded that the appellant was not denied effective assistance of counsel when his counsel failed to file a petition for review or failed to let him know that he had the option to do so. 17 Kan. App. 2d 775, Syl.

Our Supreme Court's analysis in *Brown v. State*, 278 Kan. 481, 101 P.3d 1201 (2004), however, seems to change the analysis in *Foy*. In *Brown*, Brown argued that because his appointed counsel on his K.S.A. 60-1507 motion did not timely inform him of his appeal right, he should be allowed to file his appeal out of time. Although our Supreme Court noted that there is no constitutional right to effective assistance of counsel on collateral attacks, it stated that Kansas provides a *statutory* right to counsel on collateral attack in certain circumstances. Our Supreme Court further noted that K.S.A. 2003 Supp. 22-4522(e)(4) suggests that appointed counsel is required to have certain standards of competence.

Additionally, our Supreme Court looked to cases in other jurisdictions in which the courts held that some standard of competence is required by appointed counsel. Our Supreme Court quoted from *Cullins v. Crouse*, 348 F.2d 887, 889 (10th Cir. 1965), when the court stated:

" 'Although the right to counsel in a civil case is not a matter of constitutional right under the Sixth Amendment, counsel should be appointed in post conviction matters when disposition cannot be made summarily on the face of the petition and record. *When counsel is so appointed he must be effective and competent. Otherwise, the appointment is a useless formality.*' (Emphasis added.)" 278 Kan. at 484.

Our Supreme Court stated that it agreed with the Tenth Circuit: "When counsel is appointed by the court in postconviction matters, the appointment should not be a useless formality." 278 Kan. at 484. Our Supreme Court determined that the failure by Brown's appointed attorney to notify Brown of the denial of his 60-1507 motion and of his right to appeal resulted in a denial of his statutory right to competent counsel. As a result, Brown was entitled to file a notice of appeal out of time.

*Brown* involved a movant's right to effective assistance of counsel on a K.S.A. 60-1507 motion. Nevertheless, the analysis there can be applied to the instant case. Although there is no constitutional right to effective assistance of counsel when a defendant petitions for review of this court's decision to our Supreme Court, K.S.A. 2005 Supp. 22-4505(b) provides a statutory right to counsel when the defendant appeals from a felony conviction. K.S.A. 2005

Supp. 22-4505(b) does not cut off this right to counsel once the appeal has been decided by this court. It appears that this statutory right to counsel would encompass petitioning our Supreme Court for review of the case. Furthermore, as pointed out in *Brown*, K.S.A. 2005 Supp. 22-4522(e)(4) indicates that appointed counsel is required to have certain standards of competence. After reviewing our Supreme Court's decision in *Brown*, as well as K.S.A. 2005 Supp. 22-4505(b), we determine that Swenson had the right to competent counsel in seeking an appeal to our Supreme Court.

Nevertheless, even if Swenson's counsel was deficient in failing to timely petition our Supreme Court for review of Swenson's case, Swenson has failed to meet the prejudice prong of the test for ineffective assistance of appellate counsel. Swenson has not shown that a reasonable probability exists that but for his counsel's failure to timely petition for review, his petition would have been granted and his appeal would have been successful. See *Smith*, 278 Kan. at 52.

In his direct appeal, Swenson argued the following: (1) that the trial court should have instructed the jury that Hooks' credibility was impeached by evidence of prior convictions; and (2) that the trial court committed reversible error by allowing a law enforcement officer to compare Swenson's court appearance to his appearance in a mug shot. A panel of this court rejected Swenson's arguments, determining that the jury had been appropriately instructed on credibility and that it was the jury's prerogative to determine Hooks' credibility. The panel declined to address Swenson's second argument due to Swenson's failure to object to the testimony.

Swenson fails to make any argument or point to any facts that establish by a reasonable probability that but for his counsel's failure to timely petition for review, our Supreme Court would have granted review of his case and his appeal would have been successful. We see no error in the panel's decision on direct appeal. Clearly, Swenson's first argument lacked merit, and his failure to timely object to the officer's testimony precluded the appellate court from considering his second argument. Because Swenson has

failed to satisfy the prejudice prong, we determine that his claim of ineffective assistance of counsel fails.

Based on the above analysis, we remand this case for an evidentiary hearing on the issue of whether defense counsel was ineffective for failing to investigate Turner as a witness. As to all other issues raised by Swenson on appeal, we find no abuse of discretion in the trial court's decision to deny Swenson relief without conducting an evidentiary hearing in his presence.

Affirmed in part, reversed in part, and remanded for an evidentiary hearing.