NOT DESIGNATED FOR PUBLICATION

No. 112,709

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

KENNETH MCRAE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed January 22, 2016. Reversed and remanded with directions.

*Michael P. Whalen* and *Krystle M. S. Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., PIERRON, J., and HEBERT, S.J.

PIERRON, J.:  Kenneth A. McRae appeals the summary dismissal of his motion filed pursuant to K.S.A. 60-1507. We reverse and remand for findings of fact and conclusions of law pursuant to Kansas Supreme Court Rule 183(j) (2015 Kan. Ct. R. Annot. 273).

The facts surrounding McRae's aggravated battery against his female housemate are detailed in *State v. McRae*, No. 108,763, 2014 WL 349567 (Kan. App. 2014) (unpublished opinion), and will not be repeated here. However, for purposes of this

appeal, it will be necessary to detail the relevant procedural facts. On January 20, 2009, McRae pled guilty as charged to severitylevel 4 aggravated battery, and District Judge John Kisner Jr. accepted the plea. At the plea hearing, McRae admitted to the charge and gave a factual rendition of how and why the aggravated battery had occurred. On February 2, 2009, District Judge William Woolley granted McRae's motion for dispositional departure and entered a favorable sentence of 36 months' probation with an underlying presumptive sentence of 162 months' imprisonment. McRae did not seek to withdraw his plea or appeal his sentence.

McRae violated his probation multiple times. He came before the district court on January 12, 2011, for a violation. He admitted to testing positive for cocaine as alleged by the State. The court revoked McRae's probation, declined to reinstate him, and ordered him serve a reduced sentence of 154 months' incarceration. On December 2, 2011, the probation revocation was affirmed in *State v. McRae*, No. 105,605, 2011 WL 6311108, at *1 (Kan. App. 2011) (unpublished opinion).

In a pro se motion filed on March 16, 2011, and later in a supplemental motion filed with counsel on May 15, 2012, McRae sought to withdraw his guilty plea. He alleged ineffective assistance of counsel claiming that his appointed trial attorney had failed to listen to his claims of innocence, failed to consider the defense of intoxication, failed to provide him with transcripts/reports, failed to investigate, did not have his best interests in mind, and his plea was involuntary because of his bi-polar/schizophrenia condition.

After sever continuances, Judge Kisner held an evidentiary hearing on McRae's plea withdrawal motion but denied it in a lengthy opinion. The court found McRae's testimony at the hearing on the motion to withdraw the plea to be of questionable credibility. The court noted McRae faced a long period of imprisonment and, therefore, had a strong incentive to dissemble on his mental acuity when he pled guilty. The court

also found that McRae displayed a curiously selective recall of critical events associated with the guilty plea. While McRae represented that he could remember no particulars of the hearing, he offered a clear recollection that Mark Orr, his trial counsel, had pressured him into accepting the State's plea offer. The court reviewed the transcript of the plea hearing along with other parts of the record and found those materials supported the voluntary, informed character of the plea. The court cited the reasonable and clear responses McRae had given to the questions posed to him during the plea and the description he had given of the facts supporting the charge. In its ruling, the court credited Orr's testimony that it believed McRae was in command of his faculties at the plea hearing.

Correctly requiring McRae to prove his allegations by a preponderance of the evidence, the district court concluded McRae had failed to show that his plea was legally improper or that Orr had somehow failed to adequately represent him. The court found "no reliable evidence to support Mr. McRae's position that this was not a knowing and voluntary plea." Accordingly, the court denied McRae's motion to withdraw his guilty plea. McRae timely appealed, but this court affirmed that ruling on January 31, 2014, and commented that the record suggested no significant impaired functioning or comprehension on McRae's part, his position only changed after his probation was revoked, and defense counsel had competently represented McRae throughout the case. *McRae*, 2014 WL 349567, at \*4-5. The court concluded:

> "In short, the record shows that McRae was properly represented; he was not misled, coerced, unfairly taken advantage of, or mistreated in pleading guilty; and his plea was fairly and understandingly made. McRae disputed the plea only when he later lost the benefits of probation through his own inability to keep from abusing illegal drugs. It is taxing to conjure even a faint suggestion of manifest injustice from those circumstances." 2014 WL 349567, at \* 5.

3

On March 27, 2014, McRae filed the current habeas corpus motion. He raises many previous similar issues and several new ones: (1) The complaint was defective because the victim's name was wrong; (2) the victim recanted her story in unsolicited e-mails; and (3) trial counsel was ineffective for failing to investigate McRae's defenses, that he suffered from mental illness, trial counsel failed to consult expert witnesses about his condition, and his plea was unknowingly entered because of drugs. On the same date, McRae filed an additional habeas corpus motion rehashing the same ineffective assistance of counsel claims this time against the appointed counsel who had assisted him with his motion to withdraw his plea. McRae also claimed his *appellate counsel* from the appeal of the denial of the motion to withdraw plea was ineffective for not raising claims of ineffective assistance of counsel against withdrawal of plea counsel.

District Judge James Fleetwood summarily denied McRae's motion on July 2, 2014. The court used its minute sheet as the journal entry and simply stated: "Movant has failed to state any claim for which relief can be granted pursuant to K.S.A. 60-1507." (McRae filed two supplemental motions entitled "Pro Se Supplemental Motion to Habeas Corpus/K.S.A. 60-1507 Pursuant to K.S.A. 22-3210 Withdraw of Plea Pursuant to K.S.A. 22-4504/22-4506" and "Evidence in Support of Hebeas [*sic*] Corpus." The court denied the motions with the words "Motion denied" on the court's minute sheet. McRae appeals.

McRae contends the issue on appeal is not whether he should prevail on his K.S.A. 60-1507 motion but whether the arguments he presented entitled him to an evidentiary hearing. McRae's arguments on appeal focus mainly on the ineffective assistance claims alleged against his appointed counsel for the motion to withdraw his plea and also why his appellate counsel did not raise ineffective assistance of counsel claims against withdrawal of plea counsel. McRae also briefly argues that alleged newly discovered evidence and the victim's recantation of her testimony warranted an evidentiary hearing as well.

4

Initially, the State argues all of McRae's claims of ineffective assistance of counsel concerning his trial counsel were previously denied by the district court and later the Court of Appeals, and as such those claims could not provide any relief under K.S.A. 60-1507. However, the State requests that we remand the case for findings of fact and conclusions of law pursuant to Rule 183(j) because the district court's boilerplate journal entry was insufficient to afford meaningful appellate review. See *State v. Moncla*, 269 Kan. 61, 64-65, 4 P.3d 618 (2000) (district court did not comply with Rule 183(j) and case remanded for findings); *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002) (boilerplate journal entries do not comply with Rule 183(j), case remanded).

District courts are required to hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law, with respect thereto, unless the motion, files, and records of the case conclusively show the movant is not entitled to relief. K.S.A. 60-1507(b); Supreme Court Rule 183(f) and (j) (2015 Kan. Ct. R. Annot. 271). It is the movant's burden to allege facts which prove that his or her K.S.A. 60-1507 motion warrants an evidentiary hearing. *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012).

The district court clearly failed to comply with Rule 183(j) (Kan. Ct. R. Annot. 273) ("The court must make findings of fact and conclusions of law on all issues presented."). The court did some review in this case, but we do not know any specifics. The court's order simply mirrors the language of the Supreme Court Rule's test for whether the district court must hold a hearing: "Unless the motion . . and the files and records of the case . . . conclusively show that the movant is entitled to no relief, the court must grant a prompt hearing . . . ." Rule 183(f) (2015 Kan. Ct. R. Annot. 273).

In several cases before the Court of Appeals, when a district court failed to do the work required by Rule 183(j), we have reversed the summary denial of K.S.A. 60-1507 motions based on the failure to comply with Rule 183(j) when it is determined that the

5

district court's findings were insufficient to permit effective appellate review. See, *e.g.*, *Gilkey v. State*, 31 Kan. App. 2d 84, 88, 60 P.3d 347 (2003); *State v. Bolden*, 28 Kan. App. 2d 879, 883-84, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001). In *Stewart*, 30 Kan. App. 2d at 382, this court specifically found that "Boilerplate journal entries such as the one used in the instant case do not comply with Rule 183(j)." See also *Gaudina v. State*, 278 Kan. 103, 107-08, 92 P.3d 574 (2004) (district court's findings and conclusions were insufficient to allow review of all claims following summary denial of K.S.A. 60-1507 motion; remand required for compliance with Rule 183[j]).

Despite the clear language of Rule 183(f), there appears to be a trend in our court to address these type of cases out of judicial economy. For instance, in *Kerestessy v. State*, No. 110,432, 2014 WL 4723745, *3 (Kan. App. 2014) (unpublished opinion), the district court's boilerplate order simply stated that it "'plainly appears from the face of the [motion]'" that Kerestessy was not entitled to any relief. The district court made no additional findings of fact and conclusions of law in order to comply with Supreme Court Rule 183(j). The *Kerestessy* court discussed the State's citation of *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007), as supporting a proposition that Supreme Court Rule 183(j) does not apply when a district court summarily dismisses a K.S.A. 60-1507 motion. The *Kerestessy* court held:

> "*Bellamy* does not state that Supreme Court Rule 183(j) does not apply to the district court's summary dismissal of a K.S.A. 60-1507 motion. The Supreme Court in *Bellamy* merely addressed appellate review and stated that the standard of review is de novo when the district court summarily dismisses a K.S.A. 60-1507 motion because the appellate court has the same access to the motion, records, and files as the district court. 285 Kan. at 354." *Kerestessy*, 2014 WL 4723745, at *3.

The *Kerestessy* court stated that the district court's use of the boilerplate order left the court guessing as to why it concluded that Kerestessy's motion "fail[ed] to state facts

6

entitling [movant] to relief." 2014 WL 4723745, at *4. However, the court ultimately held:

> "It certainly would have been helpful to this court if the district court had made additional findings to explain how it reached its decision. Nevertheless, the district court's failure to comply with Supreme Court Rule 183(j) does not require remand for more detailed findings when the lack of findings does not preclude meaningful appellate review. See *Robertson*, 288 Kan. at 232-33." *Kerestessy*, 2014 WL 4723745, at *4.

As for the substantive allegations in Kerestessy's K.S.A. 60-1507 motion, he alleged that his rights under the Fourth and Fourteenth Amendments to the United States Constitution had been violated in an extended traffic stop and any evidence seized as a result should have been suppressed. Kerestessy's motion did not expressly claim that he had been denied effective assistance of counsel. However, the motion asserted that his attorneys had failed to challenge the traffic stop in order to explain why this particular ground for relief had not previously been presented to the court. The *Kerestessy* court affirmed the denial and held:

> "Kerestessy's K.S.A. 60-1507 motion alleges that his attorneys failed to raise constitutional issues regarding his initial traffic stop and that any evidence seized as a result should have been suppressed. However, the record provides ample evidence that the two attorneys named in the motion did, in fact, raise these constitutional issues and that the district court ruled on them. Even if we liberally construe Kerestessy's motion as asserting a claim of ineffective assistance of counsel, the claim has no merit. The performance of Kerestessy's counsel was not constitutionally deficient. In fact, our review of the entire record leads us to conclude that Kerestessy's counsel performed at a high level of competency and achieved satisfactory results on Kerestessy's behalf. We conclude that the motion, files, and records in this case conclusively show that Kerestessy is not entitled to relief on the grounds asserted in his K.S.A. 60-1507 motion. Therefore, we find that the district court did not err in summarily denying the motion." 2014 WL 4723745, at *6.

7

In *Gant v. State*, No. 112,434, 2015 WL 5312016, at *1 (Kan. App. 2015) (unpublished opinion), the court again decided the district court's lack of findings did not impeded its ability to decide the case and judicial economy dictated a decision on the merits. In *Gant* the district court had entered a similar boilerplate denial of a K.S.A. 60-1507 motion. The journal entry stated: "After a review of the motion, the files, the records and the previous appellate decisions, this court finds, conclusively, that the movant is entitled to no relief and the [motion] is dismissed." 2015 WL 5312016, at *1 The *Gant* court acknowledged the district court's obvious failure to comply with Rule 183(f). However, the *Gant* court held that even though the district court summarily denied the motion without any hearing—preliminary or evidentiary—it was "not *required* to send the case back to the district court." 2015 WL 5312016, at *2. The *Gant* court found it was economical to simply address Gant's claims and review the merits of the case. The *Gant* court concluded this was Gant's second K.S.A. 60-1507 motion and it was both successive and untimely, and exceptional circumstances did not exist to justify hearing the second motion. 2015 WL 5312016, at *3. Last, the *Gant* court held Gant had failed to argue manifest injustice and that, even if properly raised before the district court, the claims of prosecutorial misconduct and ineffective assistance of counsel for not objecting to the prosecutorial misconduct did not rise to the level of manifest injustice. 2015 WL 5312016, at *3.

The case before us is unique in several regards. First, McRae is asking for remand for an evidentiary hearing pursuant to Rule 183(f) and does not even raise the Rule 183(j) question on appeal. On the other hand, the State initially argues that several issues raised by McRae were previously addressed by this court in *McRae*, 2014 WL 349567. However, the State then requests a remand due to the district court's failure to comply with Rule 183(j).

Second, not only would have it been helpful if the district court had made findings of fact and conclusions of law on all the issues, but the lack of these findings clearly

leaves us guessing on what grounds it decided McRae's motion. We are further handicapped in this case because the State did not file a response in the district court to McRae's motion. As the State now argues on appeal, if all the ineffective assistance of counsel issues were decided in the motion to withdraw the plea, res judicata would bar a second discussion on the merits.

Third, McRae has not shown, let alone argued, that there are exceptional circumstances that would justify hearing a successive habeas motion. To establish exceptional circumstances, a movant must show unusual events or intervening changes in the law that prevented him or her from reasonably being able to raise all of the claimed errors in the first habeas proceeding. *Wimbley v. State*, 292 Kan. 796, Syl. ¶ 1, 275 P.3d 35 (2011). McRae's appellate brief does not address this point at all, and we do not find anything in his K.S.A. 60-1507 motion establishing exceptional circumstances. However, McRae argues the State is barred from raising the successive issue because the district court did not decide the case on those grounds, although we do not know on what grounds the court decided the case.

Fourth, is McRae's K.S.A. 60-1507 motion untimely? McRae was sentenced on February 20, 2009, and he took no appeal from that sentence. He filed his K.S.A. 60-1507 motion on March 27, 2014—over 5 years later. Is McRae's motion time barred under the 1-year statute of limitations in K.S.A. 60-1507(f)(1)(i)? The court in *Wilkerson v. State*, 38 Kan. App. 2d 732, Syl. ¶ 1, 171 P.3d 671 (2007), held:

> "The time limitation for habeas corpus motions under K.S.A. 60-1507(f)(1)(i) is 1 year from final order of an appellate court on direct appeal or termination of appellate jurisdiction, but a timely direct appeal of a probation revocation does not extend this limitation for motions challenging the initial plea, conviction, or sentence and must be related to matters surrounding the probation revocation proceeding."

Many panels of this court have followed the *Wilkerson* rationale. See, *e.g., Patterson v. State*, No. 106,149, 2012 WL 2924608, at *3 (Kan. App. 2012) (unpublished opinion), *rev. denied* 297 Kan. 246 (2013). However, again, McRae argues the State is barred from raising the timing issue because the district court did not decide the case on those grounds although we do not know on what grounds, the court decided the case.

Fifth, if McRae's motion is untimely, should he have argued the time limitation should be extended in order to prevent a manifest injustice under K.S.A. 60-1507(f)(2)? Again, McRae has not shown, nor argued, manifest injustice if his claims are not heard. The Kansas Supreme Court recently provided three nonexclusive factors we should consider in determining whether a movant has shown manifest injustice: (1) whether the movant has provided persuasive reasons for the failure to meet the 1-year deadline; (2) whether the movant's substantive claims raise substantial issues of law or fact deserving consideration; and (3) whether the movant has presented a colorable claim of factual, not merely legal, innocence. *Vontress v. State*, 299 Kan. 607, Syl. ¶ 8, 325 P.3d 1114 (2014). Once again, McRae's appellate brief does not address this point at all. See *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013) ("A defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action.").

There are too many questions in this case which prevent effective appellate review of McRae's motion. The court in *Moll v. State*, 41 Kan. App. 2d 677, 685-86, 204 P.3d 659 (2009) *rev. denied* 290 Kan. 1094 (2010), expressed the level of the frustration we have with boilerplate journal entries like the one in this case:

> "Findings and conclusions of this nature are required in order that we can provide meaningful appellate review. Where the district court 'fails to state the controlling facts and its reasons for the decision, neither the litigants nor the appellate courts can determine the genuine basis upon which the trial court entered its judgment.' *Miller,*

10

*Bench Decisions and Opinion Writing*, 47 J.K.B.A. 247, 250 (Winter 1978). The policy underpinning for Rule 183(j) is precisely that for K.S.A. 60-252. Our Supreme Court elaborated on the policy in *Brown v. Wichita State University, P.E.C., Inc.*, 217 Kan. 661, 664-65, 538 P.2d 713 (1975), in this manner:

"[T]he district court should state what it considers to be controlling facts and the legal principles upon which [its decision] was [based]. Otherwise, [the appellate] court upon . . . review will be required to explore and consider every possible legal theory which may be said to be involved. . . . Judges of a court of record, unlike a jury which may render an unreasoned decision in a general verdict, must, under our statute and rule . . . "go on the line," so to speak, and render a "reasoned decision"—that is, assign reasons for the decisions rendered."

"It is not appropriate for us to provide the missing pieces here. We decline to make credibility assumptions in a contested matter; we decline to make findings of fact based solely on the district court's summary of the evidence; we decline to apply legal standards to a mere evidence summary; and we decline to speculate as to the precise basis for a ruling where the basis has not been provided by the district court. The district court did not consider this an easy case; at the close of evidence, the court referenced 'the toughest prong of [the] test' and characterized its task as 'the challenge.' It is not our function to complete the district court's task that is required by the rules; in fact, we believe our Supreme Court has made it clear that we are to monitor district court compliance with the rule, and remands of this nature have been legion since that mandate. See, *e.g.*, *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007); *State v. Hoge*, 283 Kan. 219, 221-22, 150 P.3d 905 (2007); *Gaudina v. State*, 278 Kan. 103, 108, 92 P.3d 574 (2004); *Swenson v. State*, 35 Kan. App. 2d 709, 717, 135 P.3d 157 (2006), *aff'd in part and rev'd in part on other grounds* 284 Kan. 931, 169 P.3d 298 (2007); *Harris*, 31 Kan. App. 2d 237, Syl.; *Gilkey v. State*, 31 Kan. App. 2d 84, 87-88, 60 P.3d 347 (2003); *Littrice v. State*, 30 Kan. App. 2d 800, Syl., 48 P.3d 690 (2002); *Stewart v. State*, 30 Kan. App. 2d 380, 381-82, 42 P.3d 205 (2002); *State v. Bolden*, 28 Kan. App. 2d 879, 883-84, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001).

"We have no alternative but to remand for specific factual findings and legal conclusions as required by Rule 183(j). See *Harris*, 31 Kan. App. 2d at 240. We believe there is no need for any further evidentiary proceedings, but the district court is directed to conduct whatever proceedings it deems necessary for full compliance with Rule 183(j)."

11

We ask the rhetorical question of what good is Rule 183(j) if we do not give it some teeth in the situation of a boilerplate journal entry? We direct the district court to conduct whatever proceedings it deems necessary under Rule 183(f) and to enter a journal entry in full compliance with Rule 183(j).

Reversed and remanded with directions.