No. 46,680

LEROY BRIZENDINE, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(499 P. 2d 525)

Opinion filed July 19, 1972.

*Philip L. Sieve,* of Kansas City, argued the cause, and was on the brief for the appellant.

*Nick A. Tomasic,* Chief Deputy County Attorney, argued the cause, and *Vern Miller,* Attorney General, and *Frank D. Menghini,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is an appeal from an order overruling the petitioner's motion to set aside his sentence and conviction pursuant to K. S. A. 60-1507, after a full evidentiary hearing.

On May 1, 1968, a gasoline service station in Wyandotte County, Kansas, was burglarized. Briefly the facts are that a Kansas City, Kansas, police officer, while cruising his district, noticed a window on the service station door broken at three a. m. He called for assistance and, upon entering the station, found the appellant and another man hiding near the door on the inside of the station building with a crowbar. Both men were advised of their rights and refused to make any statement. They were placed under arrest when the station manager arrived and stated that the men had no authority to be in the building.

On June 13, 1968, a complaint was filed charging the appellant and his companion with burglary. On June 25, 1968, both men were bound over to the district court for trial after a preliminary hearing, and an information was filed on July 11, 1968. At the next docket

call on January 28, 1969, when the appellant failed to appear, a bench warrant was issued for his arrest.

On March 14, 1969, an unlawful flight warrant was issued by the United States Attorney. By telefax, on July 14, 1969, the Wyandotte County Attorney was notified that the appellant was in custody in the Alameda County, California, jail. One day later, July 15, 1969, copies of the Kansas warrant, complaint, information and bench warrant were mailed to the California authorities. Extradition proceedings were instituted and Governor Docking's requisition was mailed to Governor Reagan in California on August 12, 1969. The appellant was returned to this jurisdiction and upon his return on September 9, 1969, an attorney was appointed to represent him on the outstanding charge. That attorney was Joe Russell.

Notice of Intention to Invoke the Habitual Criminal Act was filed and served. On January 20, 1970, the trial began. The jury returned a verdict of guilty of burglary as charged. A motion for a new trial was filed, heard and overruled. After evidence of three prior felony convictions was received, the appellant was sentenced to a term of not less than 15 years in accordance with K. S. A. 21-523, and 21-107 (a). At that time the appellant requested that his appointed attorney Joe Russell continue to act as his attorney for the purposes of an appeal. The court thereupon appointed Joe Russell for the appeal. Apparently because of some misunderstanding, Joe Russell failed to file a notice of appeal on behalf of appellant.

On June 11, 1971, about 17 months later, the appellant instituted an action under K. S. A. 60-1507, alleging that Joe Russell refused and failed to perfect his direct appeal, and because of this he was denied an appeal from his conviction.

The district court granted an evidentiary hearing at which Joe Russell and the appellant testified. The district court refused to discharge the appellant but did give the appellant his choice: (1) to take an out-of-time direct appeal from the criminal conviction; (2) to appeal from the court's denial of relief in the K. S. A. 60-1507 case; or (3) to have a rehearing under K. S. A. 60-1507. The appellant chose to appeal the K. S. A. 60-1507 ruling, and it is from that ruling that this appeal originates.

The only point raised on this appeal is that the trial court erred in refusing to grant the appellant his discharge from confinement following the 60-1507 hearing. The thrust of the appellant's argu-

ment is that he was denied the right to a speedy appeal following his conviction of burglary and the imposition of sentence. He reasons that since he was not provided a speedy appeal from the time he was sentenced until he initiated this 60-1507 proceedings 17 months later, he is entitled to be discharged from confinement. He argues that since the attorney who was appointed by the state to appeal his conviction failed to perfect his appeal, the state should be held responsible and the appellant should be discharged.

We hold that the contentions of the appellant under the circumstances shown in the record in this case are without merit and that he is not entitled to discharge from confinement. The district court at the time of the 60-1507 hearing granted appellant an opportunity to present his evidence. At the close of the hearing the court refused to discharge the appellant but did give the appellant three choices as follows:

(1) To take a direct appeal from his criminal conviction notwithstanding the delay in its perfection;

(2) To appeal from the court's ruling in the present 60-1507 case; or

(3) To have a rehearing under K. S. A. 60-1507.

The court also appointed appellant's present counsel, Philip Sieve, to represent appellant in any of the three alternative proceedings just mentioned. The appellant declined the opportunity to take a direct appeal from his conviction or to have a rehearing and chose to appeal the ruling of the court denying his discharge in this 60-1507 hearing.

A case with a factual situation similar to the instant case is *Johnson v. State*, 203 Kan. 947, 457 P. 2d 181. There the clerk of the district court was declared to be derelict in his duty in failing to transmit the defendant's notice of appeal to the clerk of this court. In a 60-1507 hearing to vacate the judgment and sentence, the district court offered to the defendant the opportunity to withdraw his 60-1507 motion and stated that it would direct that the notice of appeal from his conviction be certified to the supreme court for filing so that a direct appeal from his conviction could be had. In *Johnson* sentence was imposed by the trial court on December 28, 1965. Defendant's motion under K. S. A. 60-1507 was filed December 11, 1967, and was heard on February 5, 1968, a period of approximately 26 months after his original sentence was imposed. The appellant in *Johnson* declined the district court's offer to permit him to take an out-of-time appeal and refused to appeal his

original conviction but instead took an appeal in the 60-1507 hearing. In *Johnson* we held that the failure to timely certify the defendant's notice of appeal did not affect the validity of his conviction and further that defendant was not entitled to be discharged from confinement.

There are a number of federal cases involving similar factual situations where an accused was denied effective assistance of counsel thereby resulting in the denial of an appeal from a conviction. In each case the court held that an outright discharge of the prisoner was not proper but rather he was entitled to an opportunity to take an out-of-time appeal from his original conviction. (*Anders v. California*, 386 U. S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396; *Atilus v. United States*, 406 F. 2d 694; *Benoit v. Wingo*, 423 F. 2d 880; *Kent v. United States*, 423 F. 2d 1050.) We find nothing to the contrary in *Dickey v. Florida*, 398 U. S. 30, 26 L. Ed. 2d 26, 90 S. Ct. 1564, cited by the appellant here. Appellant was offered an opportunity to take an out-of-time appeal in the case at bar but refused to take such an appeal. He now has no cause to complain.

We have fully reviewed the record and find that the appellant has failed to show that the district court committed any error in its findings of fact and conclusions of law and in denying his motion to vacate his sentence pursuant to K. S. A. 60-1507.

The judgment of the district court is affirmed.