NOT DESIGNATED FOR PUBLICATION

No. 118,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RAYMOND CHRISTOPHER LOPEZ,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Seward District Court; LINDA P. GILMORE, judge. Opinion filed November 16, 2018. Affirmed.

*Kelly Premer Chavez*, of Tahirkheli & Premer-Chavez Law Office, of Liberal, for appellant.

*Christopher D. Phillippy*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN, J., and ROBERT J. FREDERICK, District Judge, assigned.


PER CURIAM:  Raymond Christopher Lopez contends that he is entitled to a new trial because his attorney was ineffective in filing his appeal and committed several trial errors in presenting his case to the jury. He asserts that but for his counsel's ineffective performance the result of his trial would have been different. The district court held a full evidentiary hearing on Lopez' claims. The court found that trial counsel was ineffective in filing Lopez' appeal because he erroneously limited the appeal to sentencing issues. The district court also found trial counsel was ineffective for opening the door for the

1

prosecutor to admit evidence of Lopez' prior bad acts and not requesting a corresponding limiting instruction. Even so, the district court found that given the evidence in the case Lopez could not prove that he was prejudiced by the error. In other words, absent his attorney's error, the jury would have still found him guilty. Lopez appeals that ruling. Because we find that the findings of fact in the district court's well-reasoned decision were supported by the evidence and the judge's legal conclusion that Lopez failed to establish prejudice was correct, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Lopez was convicted by a jury of attempted manufacturing of a controlled substance, conspiracy to manufacture a controlled substance, possession of drug paraphernalia, unlawful possession of drug precursor, and possession of ephedrine. The conviction stemmed from Lopez and his codefendant driving to a tank holding anhydrous ammonia and driving away quickly while a civilian chased them while phoning police. The civilian witnessed a milk jug containing anhydrous ammonia thrown from the passenger side of the vehicle. Eventually police stopped and arrested Lopez and his codefendant. A more complete version of the underlying facts will be examined as they relate to the issues raised.

Lopez filed a notice of appeal which was addressed by this court in *State v. Lopez*, No. 110,286, 2014 WL 3843293 (Kan. App. 2014) (unpublished opinion). In that case, this court found that Lopez' notice of appeal was insufficient to address alleged trial errors because the notice stated that he was appealing "the sentence." 2014 WL 3843293, at *1-2. This court did hold that Lopez' sentence was incorrect, vacated the sentence, and remanded for resentencing. 2014 WL 3843293, at *3.

Lopez then filed this motion under K.S.A. 60-1507 alleging that his trial counsel was ineffective for five reasons:  (1) he failed to properly file a notice of appeal; (2) he

2

failed to support his motion for mistrial due to a potential juror conflict; (3) he failed to object to prosecutorial misconduct; (4) he opened the door to prior bad acts testimony; and (5) he elicited testimony that showed Lopez had an outstanding warrant. Lopez also claimed that his due process rights were violated because the district court: answered a jury question without Lopez being present; failed to provide a limiting instruction; and convicted him with insufficient evidence. Finally, he asserted that cumulative errors deprived him of a fair trial.

The district court granted an evidentiary hearing on Lopez' motion. After the hearing, the district court first found that Lopez' trial counsel was ineffective due to filing an improper notice of appeal. Next, the court found that Lopez' argument that his attorney was ineffective for failing to object to the State's argument during closing was unpersuasive because the State's argument was not objectionable. The court also found that Lopez' argument that the State solicited testimony regarding the fact that Lopez had outstanding warrant testimony was unpersuasive. As the district court noted, there was no testimony elicited about an outstanding warrant. When the State's witness began to speak about Lopez' warrant the State interrupted and redirected the witness. The court held that if Lopez' counsel erred by not objecting, it was harmless.

On the other hand, the district court found Lopez' arguments that his counsel was ineffective for opening the door to prior bad acts testimony and failing to request a limiting instruction was more persuasive. However, the district court concluded the error was harmless because even if Lopez' counsel had not erred, the result of the proceeding would have been the same. Lopez filed a notice of appeal. The remaining arguments from Lopez' motion were not addressed in the district court's decision, nor are they mentioned in this appeal.

ANALYSIS

*We review the district court's findings of facts under a substantial competent evidence standard and its legal conclusions de novo.*

In this case, the district court conducted a full evidentiary hearing on Lopez' claims. After a full evidentiary hearing on a K.S.A. 60-1507 motion, the district court must issue findings of fact and conclusions of law concerning all issues presented. Supreme Court Rule 183(j) (2018 Kan. S. Ct. R. 223). An appellate court reviews the court's findings of fact to determine whether they are supported by substantial competent evidence and are sufficient to support the court's conclusions of law. Appellate review of the district court's ultimate conclusions of law is de novo. *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013).

Claims alleging ineffective assistance of counsel, as alleged here, likewise present mixed questions of fact and law. Consequently, on appeal, this court reviews the underlying factual findings for support by substantial competent evidence and the legal conclusions de novo. *State v. Bowen*, 299 Kan. 339, 343, 323 P.3d 853 (2014).

Judicial scrutiny of counsel's performance when assessing a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). The defendant has the burden to rebut that presumption. To prevail, a criminal defendant must establish that (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) the defendant was prejudiced by counsel's error. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014). To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. "A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Miller v. State*, 298 Kan. 921, 934, 318 P.3d 155 (2014).

*We examine the scope of the claims made by Lopez on appeal.*

Neither side contests that Lopez was prejudiced and that his counsel was ineffective because he filed an insufficient notice of appeal. See *Kargus v. State*, 284 Kan. 908, 921, 169 P.3d 307 (2007) (noting that when counsel's performance causes a forfeiture of a proceeding the defendant is likely prejudiced). The remedy for that error was for the district court to consider the trial errors that counsel failed to raise on appeal. Accordingly, Lopez' appeal focuses on whether Lopez' counsel was ineffective for several alleged trial errors and concludes that but for the errors Lopez would not have been convicted.

As a preliminary matter, the State argues that Lopez failed to adequately brief this issue. The State is partially correct. Lopez' brief does not make any argument regarding the individual error findings of the district court. Instead, Lopez focuses his argument on the cumulative effect of the errors. Lopez argues that the district court erred in holding that the cumulative effect of the errors was harmless.

Because Lopez does not challenge any of the district court's individual conclusions regarding whether Lopez' trial counsel erred, we will only address the issues that the district court believed were error and the cumulative effect of them.

5

*The district court identified two errors by trial counsel: opening the door for prior bad acts evidence and failing to request a limiting instruction related to that evidence.*

The district court held that Lopez' trial counsel was ineffective because he opened the door to prior bad acts testimony and subsequently failed to request a limiting instruction in relation to that evidence. We will examine the facts in the record that gave rise to the district court's finding.

During the trial, Lopez' counsel called Lopez' codefendant Joseph Allen as a witness. Allen testified that Lopez did not know Allen was planning on stealing anhydrous ammonia when he got in Allen's car. Allen testified that Lopez was originally in the passenger seat of the vehicle but moved to the driver's seat when he discovered that Allen was stealing anhydrous ammonia. Allen also testified that Lopez told him to get rid of the anhydrous ammonia. So, Allen threw it out the car window. According to Allen they pulled into a field and Allen said that he would drive because Lopez said that he did not have a driver's license. After Allen testified on direct examination, the trial court agreed with the State that by claiming Lopez had no knowledge of what Allen was up to, Lopez' counsel had opened the door to evidence of prior bad acts engaged in by Lopez related to Allen's drug making proclivities. The State sought to present evidence that Lopez had bought pseudoephedrine (Sudafed) for Allen just a month before this incident and knew that Allen would use it to manufacture methamphetamine. The trial court indicated that the State could recall Allen as a rebuttal witness.

Lopez testified on his own behalf and said that when he realized that Allen was stealing anhydrous ammonia he attempted to leave. According to Lopez, after he drove down the road Allen threw the jug of anhydrous ammonia out the window. During his direct examination, in an attempt to soften the bad acts evidence that the State would present, Lopez admitted to purchasing cold pills for Allen one time previously and thought Allen probably used them for manufacturing drugs. On cross-examination Lopez

6

admitted to actually buying pills for Allen twice, once at Wal-Mart and once at Walgreens. He testified that it happened on the same day. In rebuttal, the State was able to establish that Lopez and Allen purchased cold pills containing pseudoephedrine within eight minutes of each other at Walmart on one date. In addition, Lopez purchased cold pills a few days later at Walgreens. Lopez' trial counsel did not request a limiting instruction on the bad acts testimony, nor was a limiting instruction given.

In the evidentiary hearing on Lopez' 60-1507 motion, his trial attorney testified that the theory of his case was that Lopez did not know Allen planned on stealing anhydrous ammonia. He felt it was essential that he put Allen on the stand to confirm that Lopez knew nothing about Allen's plan that day, although he realized there were some risks associated with it. He discussed those risks with Lopez. He believed that if he did not present evidence that Lopez did not know what Allen intended then Lopez would certainly lose at trial. Lopez' trial counsel also advised Lopez that he could and should testify at trial in order to limit the impact of the prior bad acts evidence the State was going to present. He also believed that it would enhance Lopez' credibility in the eyes of the jury if he admitted to some acts that were not beneficial to his case. Lopez did testify at trial that he owed Allen money and Allen told him he could repay him by purchasing the pills. He felt it was a way to get Allen off his back about the debt. Lopez' trial counsel also testified that he did not request a limiting instruction because he did not want to draw any more attention to the issue.

The district court considered whether there was sufficient evidence in the record for the jury to convict Lopez if the evidence of the prior bad acts was not admitted. The district court found that there was sufficient evidence to show that (1) Lopez and Allen stopped at the anhydrous ammonia tank; (2) when they stopped Lopez was the passenger; (3) someone in the car collected anhydrous ammonia; (4) the passenger later threw it out of the car; (5) either Lopez, Allen, or both, threw other methamphetamine manufacturing supplies out of the vehicle; and (6) Lopez was the passenger at the time the anhydrous

7

ammonia was thrown from the car. The court found there was substantial evidence that Lopez was the passenger because law enforcement saw the vehicle turning around in a pasture and identified Lopez as the passenger. Additionally, no one who followed Allen's vehicle noticed a switch of drivers in the pasture despite Lopez' and Allen's statements.

The district court also found that Lopez had diminished credibility before the jury prior to the presentation of his case in chief. The court based the finding on:

> "[C]onflicting stories told by [Lopez] that initially no one got out at the anhydrous tanks; [Lopez'] conflicting statements to [law enforcement] that he threw out the anhydrous, then later stated Allen threw it out; the conflicting statement to [law enforcement] that he did not see Allen throw anything else out of the car because he was on the phone and then later he did see him throw some items, but didn't know what they contained; and [Lopez'] statement that Allen and him switched position from driver to passenger on two occasions with a second switch prior to turning around in the cow pasture in the presence of [law enforcement] who pursued them and did not witness any switch."

Finally, the district court also found that opening the door to the prior bad acts evidence was ineffective but that given the evidence presented at trial the error was ultimately harmless. The district court applied the same logic to Lopez' argument that his counsel was ineffective for failing to request a limiting instruction. Now, this court is tasked with determining whether there is substantial competent evidence to support the district court's findings of fact and whether the facts are sufficient to support the district court's legal conclusion. See *Adams*, 297 Kan. at 669.

*The record supports the district court's factual findings.*

The record supports the district court's factual findings. A witness saw Allen's vehicle pulled up by an anhydrous ammonia tank, called police, chased the vehicle at speeds up to 100 mph, and saw a jug of anhydrous ammonia thrown from the passenger

8

side window. The law enforcement officer who eventually pulled over Allen's vehicle testified that Lopez was in the passenger seat. The same officer testified that he did not see Lopez and Allen switch positions in the car. Additionally, evidence was presented that Lopez' story changed over time.

There was evidence that trial counsel made a strategic decision to present Allen to testify that he tricked Lopez into being involved, which trial counsel knew may open the door to evidence that Allen and Lopez had bought pseudoephedrine pills before for the purpose of making methamphetamine. He knew there was a risk of putting his client on the stand. He discussed the risks with the client. He believed that it would enhance his client's credibility if he addressed the issue of the prior purchase directly along with the explanation. Based upon this evidence, the district court found trial counsel's performance to be deficient. We believe reasonable minds could differ regarding whether this constituted deficient performance on the part of trial counsel, but we concede that there was sufficient evidence in the record for the trial court to so conclude. Furthermore, we agree that trial counsel's representation was deficient for not requesting a limiting instruction and that there was sufficient evidence to support that finding by the district court.

Accordingly, based on the record, substantial competent evidence supports the district court's factual findings and legal conclusions regarding counsel's deficient representation. See *Adams*, 297 Kan. at 669.

*The district court's conclusion that trial counsel's errors did not impact the jury verdict is also supported by the record and testimony.*

Even assuming that Lopez' attorney was ineffective for putting Allen and Lopez on the stand and thereby causing evidence to be presented of Lopez' prior purchase of

pseudoephedrine for Allen, the district court was correct in concluding that Lopez failed to establish prejudice as a result of counsel's deficient representation.

Lopez' trial attorney presented a very compelling closing argument at the trial. He correctly pointed out that there was no physical evidence connecting Lopez to the actual theft of the anhydrous ammonia. In fact, the only evidence at the scene of the anhydrous ammonia tanks, footprints, did not match Lopez. Moreover, the person who Lopez claims did take the anhydrous ammonia admitted that Lopez had no prior knowledge of it and that Lopez was trying to get away from Allen and the whole situation the best way he knew how. Allen admitted that he was the passenger that threw the items out of the vehicle. And finally, Lopez' trial counsel reminded the jury that the fact that Lopez bought pills for Allen a month earlier to settle a debt had no bearing on whether he knew that Allen was going to steal anhydrous ammonia and attempt to make methamphetamine that day. Lopez' defense was fully and effectively presented to the jury.

Even if Lopez' trial counsel had not erred, considering the two errors recognized by the district court (admission of bad acts evidence and failure to give a limiting instruction) alone or cumulatively, there is not a reasonable probability that the jury would have reached a different result. Because there was no reasonable probability that the jury would have reached a different result, Lopez' trial counsel's failure to file an adequate notice of appeal, the third listed error, was also harmless. See *Sola-Morales*, 300 Kan. at 882.

*Lopez' Sixth Amendment right to counsel was not violated.*

Lopez' final issue is that his Sixth Amendment right to effective counsel was violated. Lopez does not analyze facts and law within this section of his brief. Instead, he provides background caselaw without tying it to the facts of his case. Issues not adequately briefed are deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650,

10

413 P.3d 787 (2018). However, assuming that Lopez is arguing that he was denied effective assistance of counsel at trial, like he did in the bulk of his brief, the analysis above applies. If Lopez' counsel was ineffective, Lopez suffered no prejudice. There is no reasonable probability that had the errors not occurred the result of the trial would have changed. See *Sola-Morales*, 300 Kan. at 882.

The decision of the district court, denying Lopez relief under K.S.A. 60-1507, is affirmed.

Affirmed.