NOT DESIGNATED FOR PUBLICATION

No. 119,685

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PERCY L. MCDONALD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed December 18, 2020. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON, J., and BURGESS, S.J.

PER CURIAM: Percy L. McDonald appeals the district court's denial of his untimely postsentence motion to withdraw pleas. McDonald claims his motion was filed out of time because his appellate counsel failed to promptly inform him that the Kansas Supreme Court had denied his petition for review of his direct appeal. The district court found appellate counsel's performance to be deficient but held that McDonald failed to establish he suffered prejudice because of his counsel's deficient performance. Upon our review we find no error in the district court's denial of the motion to withdraw pleas. Accordingly, the district court's judgment is affirmed.

1

FACTUAL AND PROCEDURAL BACKGROUND

In keeping with a plea agreement, McDonald pled guilty to two counts of aggravated sexual battery in September 2014. The district court sentenced McDonald to 130 months' imprisonment. Two weeks after sentencing and five days after filing his notice of appeal, McDonald moved to withdraw his pleas alleging that his attorney gave him incorrect advice regarding his criminal history score. The district court summarily denied McDonald's motion because he had docketed his direct appeal with this court.

McDonald's direct appeal was affirmed by this court on November 12, 2015. The Kansas Supreme Court denied McDonald's petition for review over a year later, on December 20, 2016, and the mandate was issued on January 4, 2017.

On February 14, 2018—14 months after the mandate was issued—McDonald filed a second motion to withdraw his pleas. In this motion, McDonald claimed he only pled guilty out of duress. In particular, he asserted his trial counsel told McDonald's daughter that he would receive probation if he pled guilty but would "die in prison" if he went to trial. The district court denied the motion, finding it was untimely and that McDonald failed to assert excusable neglect.

McDonald appealed, the appeal was docketed, and our court remanded to the district court

> "for the limited purpose of allowing it to determine whether Appellant was denied his statutory right to the effective assistance of counsel, consistent with the Kansas Supreme Court's ruling in *State v. Van Cleave*, 239 Kan. 117, [119,] 716 P.2d 580 (1986) [permitting remand to district court to determine whether a defendant was denied effective assistance of counsel after district court has lost jurisdiction due to pending appeal]."

The remand hearing was held on September 25, 2019. At the hearing, the parties stipulated to the admission of two letters sent from McDonald's appellate counsel to McDonald. Appellate counsel sent the first letter to McDonald on June 5, 2017—five months after the issuance of the mandate—informing him that our Supreme Court denied his petition for review and notifying him that he "may have various post-appeal options you may want to pursue." The letter did not inform McDonald of any dates or time periods relevant to filing post-appeal litigation.

In the second letter, dated one year later, June 15, 2018, appellate counsel informed McDonald that she needed to withdraw from his appeal of the district court's denial of his motion to withdraw pleas "due to a potential conflict." Appellate counsel explained:

> "The district court denied your motion as being untimely filed, and in looking at the information from our last representation, I discovered that there was a significant delay in notifying you of the Supreme Court's denial of your petition for review. To the extent that this is could have contributed to the untimely filing of your motion to withdraw plea, a conflict potentially exists."

At the hearing, McDonald testified that when he moved to withdraw his pleas, in February 2018, he was unaware of a filing deadline for such motions. He testified he was "surprised" when the motion was denied for being untimely. McDonald clarified that he "never had the knowledge of when I could file it or how much time I had left to file it, an inmate told me I had a year like that. He told me that. I never received anything from the appellate court lawyer to tell me the timing thing or anything." McDonald testified the inmate told him about this deadline after he received the June 15, 2018 letter from his appellate counsel. The district court took the matter under advisement.

In an order filed on October 2, 2019, the district court held appellate counsel's "performance was constitutionally deficient based on her failure to reasonably inform

3

[McDonald] about the status of his direct appeal—specifically failing to advise [McDonald] of his direct appeal's termination until almost 5 months after its termination." Despite this finding, the district court held McDonald was unable to establish that he suffered prejudice due to his appellate counsel's deficient performance. The district court reasoned that whether McDonald would have timely filed the motion but for his appellate counsel's deficient performance, "is sheer speculation on this court's part, based on [McDonald] being unaware of the one year post-direct appeal deadline for filing a motion to withdraw plea."

McDonald appeals.

ANALYSIS

On appeal, McDonald contends the district court abused its discretion when it failed to find prejudice as a result of his appellate counsels' deficient performance. McDonald argues that in circumstances such as this, an attorney's deficient performance is "presumed" prejudicial. The State responds that the district court did not err in concluding McDonald failed to establish excusable neglect for the untimely filing of his motion to withdraw pleas.

*Brief Summary of Relevant Kansas Law*

We begin the analysis with a brief summary of Kansas law pertaining to postsentencing motions to withdraw plea, ineffective assistance of counsel, and our standards of review. "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." K.S.A. 2019 Supp. 22-3210(d)(2). Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Johnson*, 307 Kan. 436, 443, 410 P.3d 913 (2018).

4

A postsentence motion to withdraw a plea must be filed within one year of either:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2019 Supp. 22-3210(e)(1).

See *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

This one-year time limitation may be extended only "upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2019 Supp. 22-3210(e)(2). Where a defendant makes no attempt at an affirmative showing of excusable neglect, an appellate court will find the motion untimely and procedurally barred. *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1101 (2016). Important to the resolution of this appeal, ignorance of the statute's existence or other assertions of ignorance of the law do not constitute excusable neglect under K.S.A. 2019 Supp. 22-3210(e)(2). See *State v. Davisson*, 303 Kan. 1062, 1070, 370 P.3d 423 (2016).

When the district court conducts an evidentiary hearing on claims of ineffective assistance of counsel, the appellate courts review the district court's factual findings using a substantial competent evidence standard. Appellate courts review the district court's legal conclusions based on those facts applying a de novo standard of review. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018). Our Supreme Court has summarized the law specifically relating to a postsentence motion to withdraw plea alleging ineffective assistance of counsel:

"'When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice.' *State v. Kelly*, 298 Kan. 965, 969, 318 P.3d 987 (2014). That test asks: '(1)

5

whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different.' 298 Kan. at 969, 318 P.3d 987 [citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. There is a 'strong presumption' that counsel provided "'adequate assistance"' and "'made all significant decisions in the exercise of reasonable professional judgment."' 298 Kan. at 970, 318 P.3d 987 (quoting *Chamberlain v. State*, 236 Kan. 650, 655, 694 P.2d 468 [1985]). Prejudice means 'a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea.' 298 Kan. at 970, 318 P.3d 987. A reasonable probability is a "'probability sufficient to undermine confidence in the outcome."' 298 Kan. at 970, 318 P.3d 987 (quoting *Chamberlain*, 236 Kan. at 657, 694 P.2d 468)." *Johnson*, 307 Kan. at 447.

With this summary of Kansas law applicable to this appeal, we preliminarily note that the State does not challenge the district court's finding that McDonald's appellate counsel's performance was deficient. As a result, we will assume this determination is proper and not review the propriety of the finding. Accordingly, the question presented on appeal is whether McDonald was prejudiced by his appellate counsel's deficient performance.

*Preservation*

At the outset, there is a variance between McDonald's argument on appeal and the argument he presented to the district court. In the district court, McDonald relied on the second prong of the *Strickland* test to establish the requirements for prejudice. McDonald argued he was prejudiced by his appellate counsel's failure to timely inform him that the Supreme Court had denied his petition for review. As a result, five months of the one-year period for filing the motion to withdraw plea had elapsed, which, he asserted, resulted in the late filing of the motion. As presented, this prejudice argument was also evaluated by the district court by applying the well-established second prong of the *Strickland* prejudice standard.

6

On appeal, however, McDonald dispenses with the *Strickland* standard and now argues that he is not required to prove prejudice. Instead, he cites a different standard—presumptive prejudice—and argues, "Under certain circumstances, however, when the deficient performance of a prior attorney essentially *causes the forfeiture of a proceeding, the existence of prejudice is presumed.*" (Emphasis added.) See *Kargus v. State*, 284 Kan. 908, 920, 924, 169 P.3d 307 (2007). Inexplicably, in the district court, McDonald did not make the presumptively prejudicial argument he is making for the first time on appeal.

McDonald's failure to raise the *Kargus* prejudice standard in the district court is consequential. As a general rule, issues not raised before the district court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Here, the district court based its ruling on the *Strickland* prejudice standard and did not have the opportunity to evaluate prejudice based on the *Kargus* standard. Under these circumstances, McDonald has not preserved the presumptively prejudicial standard for appellate review.

Moreover, unlike his argument in the district court, on appeal McDonald does not brief prejudice in the context of the second prong of the *Strickland* standard. This omission is also consequential. It is well known that "[i]ssues not adequately briefed are deemed waived or abandoned." *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). Because McDonald does not argue in his brief how the district court erred in applying the *Strickland* prejudice standard, he has waived or abandoned this issue on appeal.

Despite these procedural bars, because the issue of presumptive prejudice as argued by McDonald on appeal is readily addressed on the merits, we will review whether his appellate attorney's ineffectiveness was prejudicial under the *Kargus* standard.

7

*The* Kargus *Presumptively Prejudicial Standard*

For the first time on appeal, McDonald relies on *Kargus* to support his contention that his appellate attorney's deficient performance is presumptively prejudicial. In *Kargus*, despite the defendant's request, his appellate counsel did not file a petition for review to our Supreme Court after our court affirmed Kargus' convictions on direct appeal. As a result, Kargus filed a pro se K.S.A. 60-1507 motion alleging ineffective assistance of counsel. The district court summarily denied the motion, our court reversed, and the State filed a petition for review which was granted by our Supreme Court. *Kargus*, 284 Kan. at 910.

The *Kargus* court analyzed *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000), to find that courts should apply a different analysis for claims that consider an attorney's "failure to preserve the right to a proceeding, *i.e.*, a complete forfeiture of a right." *Kargus*, 284 Kan. at 924-25. The *Kargus* court reasoned:

> "As previously noted, *Strickland* is designed to deal with specific claims that counsel's performance during a proceeding was deficient. *Flores-Ortega* and *Ortiz* [*State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982),] consider the claim in the context of a failure to preserve the right to a proceeding, *i.e. a complete forfeiture of a right.* We agree with the federal court's analysis that under such circumstances the collateral prejudice review required by *Strickland* does not provide an adequate remedy." (Emphasis added.) *Kargus*, 284 Kan. at 924-25.

McDonald relies on *Kargus* to support his claim of presumptive prejudice, but he does not explain why *Kargus* should apply to the facts of his ineffective assistance claim. Nor does he explain how the actions of his appellate counsel "essentially cause[d] the forfeiture" of his claim. As is readily apparent, the rule from *Kargus* is not applicable to the facts of this case. Based on *Kargus*, the presumption of prejudice may apply in certain situations wherein counsel was ineffective for failing to file a petition for review

following a negative outcome in a direct appeal from a felony conviction and sentence. Counsel's omission caused Kargus to forfeit his statutory right to file a petition for review. In this appeal, however, we are not concerned with counsel's failure to file a petition for review in the Kansas Supreme Court. McDonald's counsel filed the petition for review but waited five months to inform her client the petition was denied.

Additionally, *Kargus* applies to the complete forfeiture of the defendant's right to petition the Kansas Supreme Court for relief. In the present case, while counsel's delay was ineffective performance, it did not constitute a complete forfeiture of McDonald's right to file a motion to withdraw pleas in the district court. The hearing evidence showed that McDonald had seven months after being advised of the adverse ruling on his petition for review to timely initiate a motion to withdraw pleas.

McDonald also cites *White v. State*, 308 Kan. 491, 508-09, 421 P.3d 718 (2018), in support of his presumptive prejudice claim. In *White*, the defendant filed a K.S.A. 60-1507 motion two years after his conviction and sentence were final. White conceded that his motion was not filed within the one-year deadline but argued the district court should extend the deadline due to manifest injustice. See K.S.A. 2019 Supp. 60-1507(f). In support, White claimed manifest injustice because his appellate counsel did not inform him of the adverse ruling on his direct appeal until two years after our court issued the mandate. The district court rejected White's manifest injustice argument. Our court affirmed and the Supreme Court granted White's petition for review. 308 Kan. at 495.

In considering this matter, our Supreme Court noted that if White's allegations were true, he lost the ability to file a petition for review of his direct appeal and to file a timely K.S.A. 60-1507 motion. The Supreme Court concluded:

> "The loss of access to these judicial proceedings results in the deprivation "'of more than a fair judicial proceeding,"' it results in the deprivation of an appellate and a

9

federal "'proceeding altogether. . . . [And] we cannot accord any "'presumption of reliability'" [citation omitted] to judicial proceedings that never took place."' *Kargus v. State*, 284 Kan. 908, 920, 169 P.3d 307 (2007) (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483, 120 S. Ct. 1029, 145 L. Ed. 2d 985 [2000]).

"*Kargus*, as well as *Swenson v. State*, 284 Kan. 931, 169 P.3d 298 (2007), discussed this loss in the context of an allegation that ineffective assistance of counsel resulted in a failure to preserve the right to file a petition asking for this court's discretionary review of a Court of Appeals decision. Likewise, the impact on White's ability to access either or both legal proceedings at issue causes this to be a significant circumstance that could reveal manifest injustice if White presented credible evidence that he did not receive notice." *White*, 308 Kan. at 505-06.

*White* does not present any on-point precedent in support of McDonald's presumptive prejudice argument. *White* and *Kargus* did not involve the late filing of a motion to withdraw plea. Unlike the case on appeal where McDonald had seven months to file his motion to withdraw pleas, *White* and *Kargus* involved factual scenarios where, due to counsel's failure to inform the client of an adverse ruling on direct appeal, the defendants incurred a complete forfeiture of their claims—including the ability to pursue petitions for review and other valuable legal rights.

In summary, McDonald has not provided our court with precedent wherein a Kansas court has applied the presumptively prejudicial analysis to similar facts found in this appeal, and we are unaware of any such on-point case precedent. McDonald's argument in favor of employing a presumptively prejudicial analysis in this case is not persuasive because it is without legal support. Under these circumstances, McDonald has not shown the district court's ruling denying his motion to withdraw the pleas was error.

Affirmed.

10